**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50783
Summary Calendar

RAMON HERNANDEZ

Petitioner-Appellant

v.

WARDEN KEVIN MOORE; BUREAU OF IMMIGRATION AND CUSTOMS
ENFORCEMENT FIELD OFFICE DIRECTOR FOR DETENTION AND
REMOVAL

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:07-CV-65

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges

PER CURIAM:[*]

Ramon Hernandez is currently housed in the Reeves County Detention Center in Pecos, Texas. Hernandez filed a petition under 28 U.S.C. § 2241 seeking to be deported to Peru before completing his sentence. He now moves to proceed in forma pauperis (IFP) to appeal the district court's order dismissing his petition for failure to state a claim on which relief could be granted. The

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court denied Hernandez leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith for the reasons stated in its order denying relief. By moving for leave to proceed IFP, Hernandez is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

This court reviews the grant of a motion to dismiss pursuant to Rule 12(b)(6) de novo. *See Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009). In reviewing a Rule 12(b)(6) motion, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1230, *and cert. denied*, 128 S. Ct. 1231 (2008). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Hernandez's bald assertion that the record shows that the Attorney General ordered the relief he requested is unsupported by any evidence. This assertion is not a well-pleaded fact, but it is at best gross speculation based on the letters in evidence and at worst an intentional misrepresentation of that evidence. The district court did not err in finding that Hernandez's petition had not presented a claim for habeas relief that was plausible even when viewed in the light most favorable to Hernandez. Hernandez's appeal is without arguable merit. *See Howard v. King*, 707 F.2d 215, 219-220 (5th Cir. 1983).

Hernandez has not shown that the district court's determination that his appeal would be frivolous was incorrect. Accordingly, his request for IFP is DENIED. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.